UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELO ARRIOJA BLANCO, *et al.*,

        Petitioners,

  v.

LAURA HERMOSILLO, *et al.*,

        Respondents.

Case No. C26-493-MLP

ORDER

Through counsel, Petitioners Angelo Arrioja Blanco, Kairolis Avariano Marrero, Dinesh, Rosario Faya Falla, and Angel Tenias have filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging as unlawful their redetention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (Dkt. # 1.) Respondents have filed a return (dkt. # 11), together with a supporting declaration from ICE Deportation Officer Rita Soraghan (dkt. # 12).[1] The Court, having reviewed the parties' submissions and the governing law, GRANTS the petition.[2]

---

[1] Petitioner's traverse is due March 2, 2026. (Dkt. # 7.) The Court finds habeas relief warranted and, accordingly, finds it unnecessary to wait for the reply.

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 8.)

ORDER - 1

I.     BACKGROUND

Petitioner Angelo Arrioja Blanco is a citizen of Venezuela who entered the United States with his wife and three children around December 19, 2023, was briefly detained, and then released to pursue removal proceedings in Denver; only his wife was given a phone and reporting instructions. (Blanco Decl. (dkt. # 2), ¶¶ 1-3; Soraghan Decl., ¶¶ 3-6.) After relocating to Oregon in 2024, the family filed changes of address with ICE and the Immigration Court, timely filed their asylum applications, and Mr. Arrioja obtained work authorization and worked as a delivery driver. (Blanco Decl., ¶¶ 4-5; Soraghan Decl., ¶ 7.) On January 2, 2026, ICE officers arrested him in a Walmart parking lot, allegedly for failing to report a change of address to ICE in El Paso, and transferred him to NWIPC, where he remains detained. (Blanco Decl., ¶¶ 6-9; Soraghan Decl., ¶¶ 8-12.)

Petitioner Kairolis Avariano Marrero is a citizen of Venezuela who entered the United States with her two-year-old daughter on or about April 29, 2023, was detained for about six days, and then released on her own recognizance without any ICE check-in or monitoring instructions. (Marrero Decl. (dkt. # 3), ¶¶ 1-4; Soraghan Decl., ¶¶ 13-15.) She moved first to New York, where she timely filed for asylum, attended two hearings, and was granted Temporary Protected Status through April 2025, and later to Tacoma, where venue was changed to the Seattle Immigration Court and a master calendar hearing was set for September 2, 2026. (Marrero Decl., ¶¶ 4-7.) On November 2, 2025, while in Portland with friends, ICE officers arrested her and later transferred her to NWIPC, where she remains detained. (*Id.*, ¶¶ 8-12; Soraghan Decl., ¶¶ 17-21.)

Petitioner Dinesh is a citizen of India who entered the United States on March 27, 2024, was apprehended, and released on his own recognizance to pursue removal proceedings. (Dinesh

ORDER - 2

Decl. (dkt. # 4), ¶ 2; Soraghan Decl., ¶¶ 22-24.) After moving to Bakersfield, he reported to ICE as directed, timely filed for asylum, attended his hearings, obtained work authorization, and later relocated to Oregon with ICE's knowledge. (Dinesh Decl., ¶¶ 3-10; Soraghan Decl., ¶¶ 25-27.) On November 12, 2025, ICE officers entered his home without a judicial warrant, arrested him for an unspecified "violation" despite no prior notice or warnings, and transferred him to NWIPC, where he remains detained. (Dinesh Decl., ¶¶ 11-14; Soraghan Decl., ¶¶ 28-34.)

Petitioner Rosario Faya Falla is a citizen of Peru who entered near Calexico, California, around August 12, 2022, was briefly detained, and then released on his own recognizance with a government-issued phone and instructions to check in weekly and report to ICE in Portland. (Falla Decl. (dkt. # 5), ¶ 2; Soraghan Decl., ¶¶ 35-37.) He moved to Oregon, consistently complied with ICE reporting (later reduced to monthly), timely filed his asylum application, obtained work authorization, and monitored his court dates, including a rescheduled hearing set for March 22, 2027. (Falla Decl., ¶¶ 3-4, 7; Soraghan Decl., ¶¶ 39-40.) On or about January 4, 2026, ICE officers arrested him in Vancouver, Washington, initially without explanation and later citing a failure to report, and transported him to NWIPC, where he remains detained. (Falla Decl., ¶¶ 5-6; Soraghan Decl., ¶¶ 41-45.)

Petitioner Angel Tenias is a citizen of Venezuela who entered the United States on August 22, 2024, was briefly detained, and released on parole with instructions to attend his immigration court case but no ICE reporting requirements. (Tenias Decl. (dkt. # 6), ¶¶ 2-3; Soraghan Decl., ¶¶ 46-48.) He timely filed for asylum in Orlando, obtained work authorization, successfully moved venue to Portland, and monitored his 2027 hearing date while living and working in Oregon with his partner and two children. (Tenias Decl., ¶¶ 4-7.) On January 18, 2026, ICE officers arrested him at Walmart while he was working as a delivery driver, alleging

he failed to update his address with ICE despite his compliance with court address requirements, and transferred him to NWIPC, where he remains detained. (*Id.*, ¶¶ 8-11; Soraghan Decl., ¶¶ 49-55.)

On February 10, 2026, Petitioners filed this habeas petition, contending that the Due Process Clause of the Fifth Amendment requires their immediate release from immigration detention and seeking to enjoin Respondents from redetaining them in the future without a pre-deprivation hearing. (Dkt. # 1.)

## II.   LEGAL STANDARD

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III.   DISCUSSION

The material facts are not in dispute. Each Petitioner was affirmatively released from immigration custody, lived in the community while pursuing protection claims, and was later redetained by ICE without prior notice or an opportunity to be heard before revocation.

### A.   Due Process and the Scope of § 1225(b)

Respondents' threshold premise is that all Petitioners are "applicants for admission" subject to 8 U.S.C. § 1225(b)'s mandatory detention scheme, and that this classification ends the due process inquiry. (Dkt. # 11 at 5-7.) As to Petitioners Blanco, Marrero, Dinesh, and Falla, they invoke § 1225(b)(2); as to Petitioner Tenias, they rely on § 1225(b)(1). (*Id.* at 5-6.) They

further urge the Court to follow the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which adopts a broad reading of "applicant for admission." (*Id.* at 6-7.)

*Jennings v. Rodriguez* makes clear that §§ 1225(b)(1) and (b)(2) mandate detention of applicants for admission while asylum or removal proceedings are pending and allow temporary parole under 8 U.S.C. § 1182(d)(5)(A), which does not count as an "admission." 583 U.S. 281, 287-88 (2018). That framework determines ICE's statutory detention authority and the absence of a statutory bond right, but it does not answer the distinct constitutional question whether the Government may revoke a previously granted release without due process. Courts have held that noncitizens paroled or released from § 1225(b) custody retain a protected liberty interest in continued release and are entitled to procedural safeguards before being returned to custody, regardless of whether § 1225(b)(1) or (b)(2) applies. *See, e.g.*, *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136–37 (W.D. Wash. 2025); *Francois v. Wamsley*, 2025 WL 3063251, at *3 (W.D. Wash. Nov. 3, 2025); *Singh v. Andrews*, 2026 WL 292649, at *3-4 (E.D. Cal. Feb. 4, 2026), *report and recommendation adopted*, 2026 WL 392339 (E.D. Cal. Feb. 12, 2026) (collecting cases).

Respondents' reliance on § 1225(b)'s "mandatory" language and on the nonbinding *Buenrostro-Mendez* decision to extinguish Petitioners' liberty interests is therefore unpersuasive. This Court joins others in declining to adopt Respondents' expansive construction of § 1225(b)'s mandatory detention framework to include Petitioners. *See, e.g.*, *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324 (W.D. Wash. 2025); *G.S. v. Hermosillo*, 2026 WL 179962, at *3 n.2 (W.D. Wash. Jan. 22, 2026); *P.T. v. Hermosillo*, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025).

B.      **Due Process and the *Mathews* Framework**

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

Respondents emphasize that this inquiry is "context-specific," but they offer no petitioner-specific *Mathews* analysis—only generalized assertions applied to all Petitioners as a group. (*See* dkt. # 11 at 5-8.) On this record, all three factors favor Petitioners.

First, each Petitioner was affirmatively released, lived in the community for months or years, obtained work authorization in several cases, and generally complied with immigration proceedings. Their interest in remaining free from physical confinement is therefore substantial. *See Zadvydas*, 533 U.S. at 690; *Ramirez Tesara*, 800 F. Supp. 3d at 1136. As discussed above, that liberty interest is not eliminated by Respondents' characterization of them as "applicants for admission."

Second, in each case here, ICE revoked release in the field without prior written notice, without identifying any new facts showing danger or flight risk, and without affording a hearing before a neutral decisionmaker—often based on alleged technical violations that Petitioners

ORDER - 6

dispute and that ICE had not previously treated as disqualifying. (*See generally* Soraghan Decl.; Petitioners' declarations.) Proceeding in this manner creates a significant risk of error. A brief custody hearing, at which the Government states the basis for revocation and Petitioners may respond, would materially reduce that risk. *See Ramirez Tesara*, 800 F. Supp. 3d at 1137; *E.A. T.-B.*, 795 F. Supp. 3d at 1324.

Third, although the Government has legitimate interests in enforcing the immigration laws and ensuring appearance at proceedings, Respondents identify no concrete, petitioner-specific way in which providing a short pre-deprivation custody hearing before revoking existing release would materially impair those interests. Custody hearings are already routine, and Petitioners' general histories of compliance under supervision undermine any claim that immediate, process-free redetention was necessary. Courts in this District have consistently found the marginal administrative burden of such hearings modest and outweighed by the liberty interests at stake. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, at *8 (W.D. Wash. Oct. 7, 2025).

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1)    The petition for writ of habeas corpus (dkt. # 1) is GRANTED.

(2)    Respondents shall immediately release Petitioners Angelo Arrioja Blanco, Kairolis Avariano Marrero, Dinesh, Rosario Faya Falla, and Angel Tenias from immigration custody, subject to appropriate conditions of supervision consistent with applicable statutory and regulatory authority.

(3) Within **two (2) business days** of each Petitioner's release, Respondents shall file a notice with the Court confirming the date and terms of release for Petitioners Angelo Arrioja Blanco, Kairolis Avariano Marrero, Dinesh, Rosario Faya Falla, and Angel Tenias.

(4) Respondents shall not redetain Petitioners Angelo Arrioja Blanco, Kairolis Avariano Marrero, Dinesh, Rosario Faya Falla, or Angel Tenias without prior written notice and a hearing before a neutral decisionmaker, unless their redetention is expressly required by statute.

Dated this 27th day of February, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8